Patrick Anthony CARLONE, Appellant,

v.

CITY OF ST. PAUL, Respondent.

No. C8–86–759.

Court of Appeals of Minnesota.

Nov. 10, 1986.

Randall D.B. Tigue, Minneapolis, for appellant.

Edward P. Starr, City Atty., Jerome J. Segal, Asst. City Atty., St. Paul, for respondent.

Heard, considered, and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a grant of summary judgment to respondent City of St. Paul. Appellant Patrick Anthony Carlone brought this action seeking judicial review of the city council's denial of an amended site plan. On appeal, Carlone contends the evidence was insufficient to support the council's finding that the building exceeded permissible height restrictions. Because genuine issues of material fact remain unresolved and because Carlone should be given an opportunity to present additional relevant evidence during a hearing or trial, we reverse the trial court's grant of summary judgment and remand for further proceedings.

## FACTS

In May 1984, Carlone sought permission to move a two and one-half story house from its original location near the High Bridge in St. Paul to property he owns on West Seventh Street. The planning division of the St. Paul Department of Planning and Economic Development reviewed the plan and requested that a series of revisions be made by Carlone. After over four months of working with Carlone, the planning division approved the site plan subject to a number of conditions. One of these conditions was that the building's foundation not exceed two feet six inches. Carlone accepted these conditions, and the required permits were issued. The house was moved and placed upon temporary supports.

In November 1984, Carlone submitted an amended site plan for approval. He asserts that the only difference between the two plans "was the fact that the amended plan called for the house to be placed upon a foundation 9 feet, 6 inches in height rather than a foundation 2 feet, 6 inches in height as per the original site plan." The record suggests, however, that the amended plan would not only increase the building's overall height but that it would also increase the building's usable floor space.

The planning division denied Carlone's amended plan because it was "inconsistent with the surrounding building arrangements" and because its foundation would exceed the maximum height allowed by the City as a condition of its approval of Carlone's original plan. Carlone filed an appeal to the city council, and a hearing was held on March 7, 1985. Testimony was heard from Charles McGuire of the planning division and from Carlone and his attorney. McGuire indicated that if the foundation height were increased as proposed by Carlone, the overall height of the building would exceed the maximum height allowed by the St. Paul Legislative Code. Carlone disagreed with the City's calculations of the building's height. The council thereafter unanimously voted to adopt the report submitted by the planning division

recommending denial of the amended plan. The city attorney was directed to draft a resolution accordingly.

On March 28, 1985, the council allowed Carlone's attorney to present additional evidence consisting of an affidavit submitted by a certified architect who had conducted a survey and had determined what the building's height was to the gable midpoint of the main roof. Carlone's attorney stated that Carlone was willing to reduce his foundation by three inches and move the building back another foot from the street in order to meet the City's height restrictions.

In response, Fred Haider of the planning division testified that the City had measured the building "from the midpoint of the highest dormer down to the average grade." Haider argued that if Carlone's measurements were accepted and his plan approved, the result "would be to allow a 4 story building on the subject property." Apparently still not convinced that Carlone's evidence of the building's actual height should be accepted over the measurements taken by the planning division, the council adopted the resolution that had been prepared by the city attorney affirming denial of the site plan.

Carlone thereafter commenced this action seeking judicial review of the council's decision. The City filed a counterclaim, alleging that the building in its present condition constitutes a public nuisance and endangers the public health and safety; it sought an order directing that Carlone place the building upon a permanent foundation in accordance with the original permit and site plan or that he remove the structure from the site and restore the property to its prior condition.

Cross-motions for summary judgment were filed. At oral arguments in August 1985, it was clear that a factual dispute existed as to the proposed building's actual height. The City indicated that one of the problems it has had with all of Carlone's plans is that his drawings had not been prepared by a registered architect or engineer. The City conceded that if Carlone's amended plan met the applicable zoning and building codes, the amended plan would be approved. After Carlone agreed with the City's request to submit a site plan "[p]repared by a registered architect or engineer who would certify to the accuracy and correctness of all the dimensions shown on the plan," the matter was remanded back to the planning division for the purpose of considering whether Carlone's amended site plan complied with the applicable codes.

When Carlone failed to submit a new plan, the City renewed its motion for summary judgment. Soon thereafter, Carlone submitted drawings prepared by himself, claiming that he could not afford to have plans prepared by a registered architect or engineer. The City refused to accept these drawings because they were not in conformance with the trial court's remand order and indicated that its motion would still be heard.

A hearing was held in January 1986 on the City's renewed motion for summary judgment. After considering the parties' oral arguments and the record before it, the trial court determined that the council's original denial of Carlone's amended site plan was supported by substantial evidence. Judgment was subsequently entered and this appeal followed.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

Carlone argues both before the trial court and now on appeal that his proposed building does not exceed the City's height restrictions. He also argues that the City's method of measuring buildings is arbitrary.

Despite the factual dispute over the actual height of the building, the trial court disposed of this matter by summary judgment. Summary judgment is not a trial of issues of fact; it is a proceeding designed to determine if fact issues exist. The record in this case presents a genuine issue

as to the height of the building which should be resolved at trial on the merits, not by summary judgment. *See* Minn.R. Civ.P. 56.03. Moreover, in order to give Carlone an opportunity to present his position fully, he is entitled to a trial and to present additional relevant evidence. *See Honn v. City of Coon Rapids,* 313 N.W.2d 409, 416 (Minn.1981).

Based on an affidavit submitted by McGuire stating that in "his judgment" the building constitutes a nuisance and hazard, the trial court also found:

17. That the building if left in its present condition on temporary supports constitutes a public nuisance and hazard and must be either permanently placed on the property or removed from the site and the property restored to its previous condition.

Carlone was therefore ordered to "complete the building structure in accordance with said permit and site plan or remove the building and restore the site within 90 days of the date of this order." Because Carlone was not given an opportunity to present his position on the nuisance issue, on remand he is also entitled to present additional relevant evidence on this issue.

Finally, while we conclude that this matter must be remanded for further proceedings, we agree with the following findings of the trial court:

13. Following the [August 1985] hearings on motions for summary judgment, the matter was referred back to the City's Planning Division * * * for the purpose of allowing [Carlone] an opportunity to have prepared and filed a site plan, certified as to the correctness of the data set forth therein by a registered architect or engineer, for the purpose of establishing by competent evidence that his proposed building height did in fact comply with the City's Zoning Code. [Carlone] agreed to this condition and [the City] agreed to process the new information and to approve the amended site plan if deemed to comply with the zoning provisions.

14. [Carlone] has not attempted to comply with the September 11, 1985, remand order. Instead [he] has resubmitted a plan which he himself has prepared, which plan is not certified by a registered architect or engineer. The reasons given by [him] for non-compliance are that he is capable of drawing plans and that the cost for having an architect or engineer prepare and certify plans is beyond his financial means. [He] did not present any evidence to support his claim of hardship. The City's estimate of the cost for such certified plans is between $1,275.00 and $1,600.00.

Because Carlone agreed to furnish a certified plan and because the trial court is entitled to require his compliance with this condition, he must submit such a plan as a prerequisite to any further proceedings before the trial court.

### DECISION

The trial court's grant of summary judgment to the City is reversed and the matter is remanded for further proceedings in accordance with this decision.

Reversed and remanded.